IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PAOLA DOMINGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-175-KC |
| | § | |
| MILBERG COLEMAN BRYSON | § | |
| PHILLIPS GROSSMAN, PLLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Plaintiff's Motion for Leave to File First Amended Complaint ("Motion"), ECF No. 15. Plaintiff notes that she was served with Defendant's Motion to Dismiss for Failure to State a Claim ("Def.'s Mot.") on July 21, 2023. *Id.* at 1; *see* Def.'s Mot., ECF No. 7.

In support of her Motion, Plaintiff cites Federal Rule of Civil Procedure 15(a)(1)(B). *Id.* Under that rule, Plaintiff "may amend [her] pleading once as a matter of course within . . . 21 days after service of a motion under 12(b), (e), or (f)." *Id.* Defendant filed its Motion to Dismiss on July 21, 2023—forty-seven days before Plaintiff sought leave to amend her complaint. *See* Def.'s Mot.

Although the Court exercised its discretion to twice extend Plaintiff's deadline to respond to Defendant's Motion to Dismiss, *see* Aug. 8, 2023, Order, ECF No. 8; Aug. 14, 2023, Order, ECF No. 11, the Court cannot extend the deadlines prescribed by Rule 15, *accord* Local Rule CV-15(a). Because the twenty-one-day deadline under Rule 15(a)(1)(B) has elapsed, Plaintiff may not amend her Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Instead, she may only amend her Complaint "with the opposing party's written consent or the court's

leave," upon a showing of good cause. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff has neither indicated whether Defendant consents to her request, nor provided any information with which the Court could find that she has shown good cause. *See generally* Mot.

Plaintiff's Motion also fails to comply with Local Rule CV-7(g), which states that "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made." Plaintiff's Motion does not contain a certificate of conference. *See generally* Mot. Nor does Plaintiff indicate whether Defendant is opposed to the relief requested, much less the specific reason for Defendant's opposition, if any. *Id.*

Accordingly, the Court **ORDERS** that Plaintiff's Motion, ECF No. 15, is **DENIED** without prejudice to refiling in compliance with the Local Rules **on or before September 27, 2023**.

**SO ORDERED**.

SIGNED this 7th day of September, 2023.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE