UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PAOLA DOMINGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, a Tennessee Professional Limited Liability Company, <br><br> Defendant. | Case No. 3:23-cv-00175-KC |

### REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** April 8, 2023.

**Date Complaint Served:** May 3, 2023.

**Date of Defendant's Appearance:** July 21, 2023 (the date of Defendant's Motion to Dismiss (ECF No. 7)).

Plaintiff Paola Dominguez and Defendant Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") file this Report of Parties' Planning Committee, pursuant to Fed. R. Civ. P. 16(b) and 26(f), L.R. CV-16, and the Court's Standing Order on Pretrial Deadlines and September 6, 2023 Order (ECF No. 16), and state as follows:

A telephonic conference was held between the parties on September 11, 2023. The participants were (1) Paola Dominguez (Plaintiff proceeding *pro se*) and (2) Daniel Blynn for Milberg.

**I.  Certification**

Plaintiff and undersigned counsel for Milberg certify that, after consultation with their clients to the extent applicable, they have discussed the nature and basis of the parties' claims

1

and defenses, and any possibilities for achieving a prompt settlement or other resolution of the case. In consultation with their clients, to the extent applicable, Plaintiff and counsel for Milberg have developed the following proposed case management plan. Counsel for Milberg further certifies that they have forwarded a copy of this report to their client.

II.     **Jurisdiction**

    A.     **Subject Matter Jurisdiction**

This case is brought under the Telephone Consumer Protection Act, 42 U.S.C. § 227 ("TCPA") as well as the Texas Telemarketer Registration Act, Tex. Bus. & Comm. Code § 302.101(a). The Parties agree that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and may assert supplemental jurisdiction of the Texas state law claim under 28 U.S.C. § 1367.

    B.     **Personal Jurisdiction**

Personal jurisdiction is not contested.

III.    **Brief Description of Case**

    A.     **Claims of Plaintiff**

Plaintiff alleges that third-party telemarketers placed unsolicited telemarketing calls to Plaintiff's cellular telephone soliciting her to be represented by Milberg in Camp Lejeune water litigation, even though her cell phone number was listed on the National Do Not Call Registry ("NDNC") at the time. Plaintiff alleges that such calls violate the TCPA. Plaintiff also claims that Milberg was not registered in Texas to telemarket and that, as such, it violated the Texas Telemarketer Registration Act. Plaintiff seeks statutory damages and other relief.

    B.     **Defenses and Claims of Defendant**

Milberg's primary defenses are that (1) Plaintiff's cell phone number is not a "residential" telephone number subject to the TCPA's do not call protections; (2) the Texas

Telemarketer Registration Act requires that only the actual telemarketer itself be licensed to telemarket, and the complained-of calls were not both placed and received within Texas as required; (3) Milberg obtained Plaintiff's prior express written consent to place the complained-of calls to her based on a lead form submitted through www.justiceclaimscamplejeune.com and could reasonably rely on such consent; (4) during a telephone conversation with one of the alleged third-party telemarketers, Plaintiff established a business relationship that permitted subsequent calls to her; and (5) Milberg cannot be held vicariously liable for the unidentified third-party telemarketers' calls.  Milberg reserves its right to assert additional defenses that may become evident through discovery should the Court not dismiss the operative pleading.

### IV.   Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:  Plaintiff received each of the complained-of calls on her cellular telephone.

### V.   Case Management Plan

#### A.   Standing Order on Pretrial Deadlines

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines as follows: discovery to commence and be completed within nine (9) months from the date that Milberg's motion to dismiss the operative complaint is decided by the Court, rather than six (6) months from the date of the parties' Fed. R. Civ. P. 26(f) conference.

#### B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

#### C.   Early Settlement Conference

The parties certify that they have considered the desirability of attempting to settle the

case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

**D.     Joinder of Parties and Amendment of Pleadings**

Plaintiff should be allowed until September 27, 2023 to file motions to join additional parties and motions to amend the pleadings consistent with the Court's September 7, 2023 Order (ECF No. 18).

Milberg should be allowed until September 27, 2023 to file motions to join additional parties and until October 11, 2023 to file a response to any amended complaint pursuant to Fed. R. Civ. P. 15(a)(3).

**E.     Discovery**

> 1. The parties anticipate that discovery will be needed on the following subjects:
>
>> <u>Plaintiff's Anticipated Subjects of Discovery</u>
>>
>>> Plaintiff anticipates fact discovery pertaining to (1) the alleged telephone calls received by Plaintiff; (2) the nature of Defendant's business and services; (3) Milberg's relationship with third-party telemarketers; (4) Plaintiff's provision of her prior express written consent; and (5) the electronic devices used by Plaintiff. Plaintiff reserved her right to seek additional or different subjects of discovery as well.
>>
>> <u>Defendant's Anticipated Subjects of Discovery</u>
>>
>>> Milberg anticipates fact discovery pertaining to (1) the alleged telephone calls received by Plaintiff in the form of call logs (and/or cell phone bills) and records possessed by Plaintiff, audio recordings of the calls, and cell phone carrier and other third party call records; (2) Plaintiff's provision of her prior express written consent; (3) the established business relationship between Plaintiff and Milberg, and/or Plaintiff or any third-party telemarketer that placed calls to her; (4) Plaintiff's use of her cell phone; (5) Plaintiff's physical location at the times of receipt of each complained-of call; and (6) the allegations in Plaintiff's operative complaint. Milberg reserves its right to seek additional or different subjects of discovery as well.

    2.      All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by three (3) months of the Court's determination of Milberg's motion to dismiss the operative complaint, and completed (not propounded) by nine (9) months from the date that Milberg's motion to dismiss the operative complaint is decided by the Court.

    3.      Discovery will not be conducted in phases.

    4.      Discovery will be completed by within nine (9) months from the date that Milberg's motion to dismiss the operative complaint is decided by the Court.

    5.      Plaintiff anticipate that she will require a total of ten (10) depositions of fact witnesses; Milberg anticipated that it will require a total of two (2) depositions of fact witnesses.  The depositions will commence by six (6) months of the Court's determination of Milberg's motion to dismiss the operative complaint, and completed by nine (9) months from the date that Milberg's motion to dismiss the operative complaint is decided by the Court.

    6.      The parties do not request permission to serve more than 25 interrogatories.

    7.      Plaintiff does not intend to call expert witnesses at trial.

    8.      Milberg does not intend to call expert witnesses at trial.

    9.      Plaintiff will provide a damages analysis by three (3) months of the Court's determination of Milberg's motion to dismiss the operative complaint.

**F.    Dispositive Motions**

Dispositive motions will be filed on or before eleven (11) months from the date that Milberg's motion to dismiss the operative complaint is decided by the Court.

## VI.    <u>Trial Readiness</u>

This case will be ready for trial by one (1) year from the date that Milberg's motion to dismiss the operative complaint is decided by the Court.

As an officer of the Court, Milberg's counsel agrees to cooperate with Plaintiff and the Court to promote the just, speedy, and efficient determination of this action.  Plaintiff *pro se* too

5

agrees to cooperate with Milberg and the Court to promote the just, speedy, and efficient determination of this action.

Dated: September 20, 2023

| | |
|---|---|
| */s/ Paola Dominguez*_____ | */s/ Randi Kassan*_____ |
| Paola Dominguez | Randi Kassan |
| pdomin14@gmail.com | rkassan@milberg.com |
| 2316 Bill Howard Pl. | MILBERG COLEMAN BRYSON |
| El Paso, TX 79936 | PHILLIPS GROSSMAN |
| Telephone: (915) 251-4955 | 100 Garden City Plaza |
| | Garden City, NY 11530 |
| *Plaintiff Pro Se* | Telephone: (516) 741-5600 |

Daniel S. Blynn (*pro hac vice* forthcoming)
dblynn@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2023, I have electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. A copy also has been served via electronic mail pursuant to the parties' agreement on:

> Paola Dominguez
> 2316 Bill Howard Pl.
> El Paso, TX 79936
> Pdomin14@gmail.com

*/s/ Randi Kassan*_____