UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PAOLA DOMINGUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC,<br><br>    Defendant. | Case No. 3:23-cv-00175-KC |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS PENDING UNOPPOSED MOTION TO DISMISS**

Defendant Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") respectfully submits the attached supplemental authority in support of its pending ***unopposed***[1] Motion to Dismiss.

More specifically, in *Moore v. Triumph CSR Acquisition, LLC*, 2023 WL 8601528 (N.D. Ill. Dec. 12, 2023) (attached hereto as Exh. "1"), the court adopted the majority view, holding, at the pleadings stage, that a cellular telephone, such as Plaintiff's phone alleged in this case, is not and cannot be a "residential" telephone line under the TCPA as a matter of law. The *Moore* court explained that, because the TCPA, on its face, uses "residential telephone line" and

---

[1]  Despite this Court's admonishment to Plaintiff in early November 2023 that "[f]urther unexplained failures to comply with deadlines may result in sanctions, including dismissal of the case," Order (ECF No. 35) at 2, Plaintiff missed her December 5, 2023 deadline to oppose Milberg's November 21, 2023 Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (ECF No. 40). *See* Rule CV-7(d)(2) (responses to non-discovery or case management motions "shall be filed not later than 14 days after the filing of the motion"). Now almost two months later, Plaintiff still has not responded to Milberg's Motion to Dismiss. Given that "there [has been] no response filed within the time period prescribed by this rule, the [C]ourt may grant [Milberg's Motion to Dismiss] as unopposed." *Id.*; *see also* ECF No. 35 at 2 (noting that sanction of dismissal is appropriate under the circumstances).

"cellular telephone service" in different provisions of the statute, that is a "strong clue that the two terms do not mean the same thing. The text and structure of the statute suggest that the different terms have different meanings." *Id*. at *2 (internal citations omitted). The court concluded:

> A cellular phone and residential phone are not the same thing. The Supreme Court took that distinction as a given in *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020). . . . Courts widely hold that a cell phone is not a 'residential telephone line' under the TCPA. Some people live on their phones. (Take a look at the nearest teenager.) Some people practically take up residence on their cell phones. But even the strongest addiction to a cell phone cannot transform it into a residential phone. A residential phone is a home phone that is hard-wired into the building. It means a land-line. It is **residential** in a very literal sense.
>
> The text of the statute reflects common parlance and natural usage. A cell phone is not a residential phone.

*Id*. (emphasis in original and internal citations omitted).

Milberg submits *Moore* as subsequent authority in support of the first argument in its unopposed Motion to Dismiss (ECF No. 40 at 6-12). Based on *Moore* and for all the reasons set forth in Milberg's Motion to Dismiss, dismissal of Plaintiff's First Amended Complaint is appropriate.

Dated: January 31, 2024          Respectfully submitted,

<ins>/s/ Daniel S. Blynn</ins>
Daniel S. Blynn (admitted *pro hac vice*)
STEPTOE LLP
13330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
dblynn@steptoe.com

Randi Kassan (NY-4375754)
MILBERG, COLEMAN, BRYSON,
PHILLIPS & GROSSMAN, PLLC
100 Garden City Plaza, Suite 500

> Garden City, NY 11530
> Telephone: (516) 741-5600
> Facsimile: (516) 741-0128
> rkassan@milberg.com
>
> *Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2024, I have electronically filed a copy of the foregoing document and the accompanying Declaration of Daniel S. Blynn with the Clerk of the Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. A copy also has been served via electronic mail pursuant to the parties' agreement on:

> Paola Dominguez
> 2316 Bill Howard Pl.
> El Paso, TX 79936
> Pdomin14@gmail.com
>
> */s/ Randi Kassan*_____