Case 3:23-cv-00175-KC   Document 45   Filed 02/07/24   Page 1 of 20

FILED
February 07, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Javier Martinez_____
                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

PAOLA DOMINGUEZ,

*Plaintiff*,

v.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, a Tennessee Professional Limited Liability Company

*Defendant.*

CASE NO. 3:23-CV-00175-KC

**PLAINTIFF PAOLA DOMINGUEZ'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**

To:     Attorney for Milberg Coleman Bryson Phillips Grossman, LLC, Daniel Blynn Partner at Steptoe LLP.

Plaintiff serves this First Set of Combined Discovery Requests on Milberg Coleman Bryson Phillips Grossman, LLC ("Milberg" or "Defendant"), and requests Defendant's responses within 30 days after the service of these requests.

Dated: February 7, 2024.

Respectfully Submitted,

*[signature]*

Paola Dominguez
Plaintiff, Pro Se
2316 Bill Howard Pl.
El Paso, TX 79936
915-383-6911
pdomin14@gmail.com

## Certificate of Service

I certify that on February 7, 2024. I served a true and correct copy Plaintiff's First Set of Combined Discovery Requests on Defendant via email to dblynn@steptoe.com.

Respectfully Submitted,

*Paola D*

Paola Dominguez
Plaintiff, Pro Se
2316 Bill Howard Pl.
El Paso, TX 79936
915-383-6911
pdomin14@gmail.com

**INSTRUCTIONS**

1. For a Document that no longer exists or cannot be located, identify the Document, state how and when it was lost, or when it could no longer be located, and the reasons for the loss. Identify each person having knowledge about the disposition or loss of the Document and any other Document evidencing the lost Document or any facts about it.

   a. When identifying the Document, state the following:

      1) The nature of the Document (*e.g.,* letter, handwritten note).

      2) The title or heading on the Document.

      3) The date of the Document and the date of each addendum or supplement.

      4) The identity of the Document's author and signatory and the person on whose behalf or at whose request or direction the Document was prepared or delivered.

   b. When identifying the person, state the following:

      1) Their full name.

      2) Their present or last known residential address and telephone number.

      3) Their present or last known office address and office telephone number.

      4) Their present occupation, job title, employer, and employer's address.

2. The term "any" should be understood in its most or least inclusive sense as necessary to bring within the scope of discovery request all responses that might otherwise be construed to be outside of the scope.

3. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.   Where a specific Document is requested, such request shall not be interpreted to exclude any other Documents where it is known that such other Documents contain information relevant to the request.

5.   For each Document or other requested information that you assert is privileged or is not discoverable, identify that Document or other requested information and state the specific grounds for the claim of privilege or other ground for exclusion.

6.   Produce the requested Documents as they are kept in the ordinary course of business. All documents shall be Bates labeled and shall be produced electronically in a single page Group IV TIFF format (except that Microsoft Excel files shall be produced in native format), with load files containing, for each document, extracted searchable text and all available metadata for at least the following fields:

| **Metadata** | **Description** |
| --- | --- |
| Document Date | The date of the document. |
| Date Sent | The date on which an email file was sent. |
| Date Received | The date on which an email file was received. |
| Date Created | The date an electronic file was created as recorded by the operating system |
| Date Last Modified | The date an electronic file was last modified as recorded by the operating system |
| Document Type | The type of document (e.g., email, Microsoft Word 2000, Microsoft Excel, etc.). |
| File Name | The name of the file under which the document is saved. |
| File Extension | The extension of each electronic file (e.g. .doc, .xls) |
| Author Name | The creator of a document. |

| **Metadata** | **Description** |
|---|---|
| From | For emails, the sender of the document. |
| To | For emails, the recipient(s) of a document. |
| CC | For emails, the person(s) who received copies of a document. |
| BCC | For emails, the person(s) who received blind copies of a document. |
| Custodian | The name of the individual or source from which the document was collected. |
| Beg Bates | The beginning Bates number of the document |
| End Bates | The last Bates number of the document |
| Family ID | A unique number consistently populated for every member of a given family group, including the parent. |
| Email Subject | The subject of an email file. |
| Time Sent | The time an email was sent. |
| Time Received | The time an email was received. |
| Original File Path | The original location an electronic file was collected from. For email, this will indicate the original folder(s) in the user's mail account from which the email was collected. |
| Duplicate Custodians | A list of the custodians or sources that were owners of a duplicate copy of an electronic file. |
| Duplicate File Path | The original file path for each duplicate. |
| Native Path | The relative location of any native files delivered on production media. |
| Text Path | The relative location of all extracted/OCR text files delivered on production media. |

7. These requests are continuing. So if the Document described in any request is not in existence or in your control or possession at the time of your first response, but later comes into

existence or into your control or possession, immediately produce such Document.

        8.        In answering Plaintiff's First Set of Interrogatories, provide an affidavit or declaration under penalty of perjury verifying your answers in accordance with the Federal Rule of Civil Procedure 33(b)(3).

        9.        Unless otherwise specifically stated, the relevant time period for the responses is from **January 1, 2021, to the present**.

# DEFINITIONS[1]

1. **"Backup"** means a copy of active data, intended for use in restoration of data.

2. **"Milberg"** means Defendant Milberg Coleman Bryson Phillips Grossman, LLC, Defendant, or you.

3. **"Dominguez"** means Paola Dominguez, or Plaintiff.

4. **"Communication"** means spoken, written, or electronic transmission of information or request for information, including, without limitations, conversations, telephone calls, meetings, discussions, conferences, seminars, letters, memoranda, facsimiles, telecopies, telexes, emails, and online postings.

5. **"Complaint"** means the live pleading and includes the First Amended Complaint you filed on October 27, 2023, in the lawsuit.

6. **"Computer"** includes, without limitations, network servers, desktops, laptops, notebook computers, mainframes, the personal digital assistants such as PalmPilot, Cassiopeia, HP Journada and other such handheld computing devices, digital cell phones, and pagers.

7. **"Data"** means any and all information stored on media that may be accessed by a computer.

8. **"Document,"** whether singular or plural, includes without limitations:

   - any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensic software);

   - any "deleted" but recoverable electronic files on said media;

   - any electronic file fragments (files that have been deleted and partially overwritten with new data); and

---

[1] The singular of all definitions and terms includes the plural of such definitions and terms

whenever such a change would result in any additional information responsive to a request.

- slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

9. **"Electronically Stored Information,"** or **"ESI"** means any Document and information electronically stored on backup systems, servers, drives, or tapes.

10. **"Hard drive"** means the primary hardware that a computer uses to store information, typically magnetized media on rotating disks.

11. **"Lawsuit"** means *Paola Dominguez v. Milberg Coelman Bryson Phillips Grossman, LLC*; Cause No. 3:23-CV-00175-KC; In the United States District Court for the Western District of Texas, El Paso Division.

12. **"Magnetic or optical storage media"** includes, without limitations, hard drives, also known as hard disks, backup tapes, CD-ROMs, DVD-ROMs, JAZ and Zip drives, and floppy disks.

13. **"Network"** means a group of connected computers that allows people to share information and equipment (e.g., local area network [LAN], wide area network [WAN], metropolitan area network [MAN], storage area network [SAN], peer-to-peer network, and client-server network).

14. **"Network operating system"** means software that directs the overall activity of networked computers.

15. **"Operating system"** means software that directs the overall activity of a computer (e.g., MS-DOS, Windows, Linux).

16. **"Person"** is used in its broadest sense and means any individual, firm, corporation, partnership, joint venture, governmental agency or any other form of entity, together with any officers, directors, partners, trustees, employees, representatives, or agents thereof.

Case 3:23-cv-00175-KC   Document 45   Filed 02/07/24   Page 10 of 20

17. **"Defendant"** means Milberg Coleman Bryson Phillips Grossman, LLC, Milberg, or you.

18. **"Possession, "custody"** or **"control"** means physical possession of the Document or thing or right to possession equal or superior to that of the person who has physical possession of the Document or thing.

19. **"Related to," "relating to," "referring to," "reflecting," "concerning"** or **"evidencing"** are used in their broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, compromises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes or is in anyway, directly or indirectly, relevant to the subject.

20. **"Software"** means any set of instructions stored on computer-readable media that tells a computer what to do and includes operating systems and applications.

21. **"Storage Media"** means any removable devices that store data.

22. **"You"** means Milberg Coleman Bryson Phillips Grossman, Milberg, or Defendant.

23. **"My phone number"** means the phone number on which I alleged Milberg, or those authorized to call on behalf of Milberg. placed calls to which is numerically represented as 915-383-6911.

PAGE 10 OF

**First Set of Interrogatories**

**Interrogatory No. 1:** Identify all text messages and phone calls sent to phone number 915-383-6911 from Milberg and/or Consumer Legal Request from January 1, 2021, to present.

**Answer:**

**Interrogatory No. 2:** State the purpose of all phone calls and text messages responsive to Interrogatory No. 1.

**Answer n**

**Interrogatory No. 3:** State the number of consumers Milberg represents in Camp Lejeune injury claims.  Camp Lejeune injury claims are defined as any consumer represented by Milberg who has filed a claim under the Camp Lejeune Justice Act of 2021.

**Answer:**

**Interrogatory No. 4:** State the number of consumers Milberg represents in Camp Lejeune injury claims that were referred to Milberg by Consumer Legal Request.

**Answer:**

**Interrogatory No. 5:** State the name, address, phone number, and principal contact of each company to whom Milberg has paid a referral fee from January 1, 2021, to present.

**Answer:**

**Interrogatory No. 6:** State the relationship between Mario Tapia, user of email address mario@consumerlegalrequest.com, and Milberg.

**Answer:**

**Interrogatory No. 7:** State the full legal name of Consumer Legal Request, the operator of the website https://www.consumerlegalrequest.com.

**Answer:**

**Interrogatory No. 8:**   If you object to the Request for Production No. 1 the grounds that it violates attorney-client confidentiality, please explain how, and in what capacity, Milberg represents Consumer Legal Request.

**Answer:**

**Interrogatory No. 9:** State the last date Milberg conducted Telephone Consumer Protection Act

compliance training.

**Answer:**

**Interrogatory No. 10:** State the name, address, phone number, and title of the person responsible for Telephone Consumer Protection Act Compliance Training.

**Answer:**

**Interrogatory No. 11:** Describe what steps Milberg takes, or has taken, to ensure that Consumer Legal Request does not violate the Telephone Consumer Protection Act and state and national do not call registries.

**Answer:**

**Interrogatory No. 12:** State the full name, phone number, email address, and title of "Anthony." Anthony signed the attached email sent to Plaintiff on April 3, 2023. Exhibit A.

**Answer:**

**Interrogatory No. 13:** State where Milberg obtained phone number 915-383-6911.

**Answer:**

**Interrogatory No. 14:** State where Consumer Legal Request obtained phone number 915-383-6911.

**Answer:**

**Interrogatory No. 15:** State the address, phone number, state of incorporation (if any), and principal contact person, of Douglas Sanders & Associates.

**Answer:**

**Interrogatory No. 16:** State how Milberg transmits payments to Consumer Legal Request to pay for referral fees/services: check, credit card, crypto, Zelle, etc.

**Answer:**

## First Set of Requests for Admission

**Admission No. 1:** Admit Plaintiff received an email from Consumer Legal Request on April 3, 2023, that contained a link to a Milberg retainer for Camp Lejeune representation. Exhibit A.

Response:

**Admission No. 2:** Admit Milberg accepts referrals from Consumer Legal Request.

**Response:**

**Admission No. 3:** Admit Consumer Legal Request referred Plaintiff to Milberg as a potential client for Camp Lejeune representation.

**Response:**

**Admission No. 4:** Admit Milberg pays Consumer Legal Request for referrals.

**Response:**

**Admission No. 5:** Admit attorneys are not allowed to telephone solicit consumers with whom no prior existing relationship exists.

**Response:**

**Admission No. 6:** Admit Milberg pays third parties to solicit on their behalf as a workaround to the solicitation prohibition referenced in RFA 5.

**Response:**

**Admission No. 7:** Admit Exhibit B is a true and correct copy of a Milberg representation agreement.

**Response:**

**Admission No. 8:** Admit Consumer Legal Request placed solicitation phone calls to Plaintiff.

**Response:**

**Admission No. 9:** Admit Plaintiff did not request Consumer Legal Request call Plaintiff.

**Response:**

**Admission No. 10:** Admit Plaintiff did not request Milberg call Plaintiff

**Response:**

**Admission No. 11:** Admit The State Bar of California Rule 1-400 (C) states "A solicitation shall not be made by or on behalf of a member of a law firm to a prospective client with whom the member or law firm has no family or prior professional relationship."

**Response:**

**Admission No. 12:** Admit Plaintiff did not have a family or prior professional relationship with Milberg.

**Response:**

**Admission No. 13:** Admit Plaintiff Consumer Legal Request called Plaintiff on behalf of Milberg.
.
**Response:**

**Admission No. 14:** Admit Consumer Legal Request does not hold a valid Texas Telephone Solicitation registration under Texas Business and Commerce Code 302.101.
.
**Response:**

**Admission No. 15:** Admit Milberg does not hold a valid Texas Telephone Solicitation registration under Texas Business and Commerce Code 302.101.
.
**Response:**

**First Set of Requests for Production**

**Request for Production No. 1:** Produce a copy of the contract between Consumer Legal Request and Milberg that governs the referral relationship between Consumer Legal Request and Milberg.

**Response:**

**Request for Production No. 2:** Produce a copy of all documents concerning reference number INT-230316796060.

**Response:**

**Request for Production No. 3:** Produce a copy of any alleged opt-in for Camp Lejeune representation contact requests submitted by Plainitff.

**Response:**

**Request for Production No. 4:** Produce a copy of the training curriculum of the last Telephone Consumer Protection Act Compliance Training conducted by Milberg.

**Response:**

**Request for Production No. 5:** Produce a copy of the training curriculum of the last Telephone Consumer Protection Act Compliance Training conducted by Consumer Legal Request.

**Response:**

**Request for Production No. 6:** Produce a copy of the attendance roster of the last Telephone Consumer Protection Act Compliance Training conducted by Consumer Legal Request.

**Response:**

**Request for Production No. 7:** Produce a copy of the attendance roster of the last Telephone Consumer Protection Act Compliance Training conducted by Milberg.

**Response:**

**Request for Production No. 8:** Produce a copy of all outbound call and text records to phone number 915-383-6911 from Consumer Legal Request from January 1, 2021, to present.

**Response:**

**Request for Production No. 9:** Produce a copy of all outbound call and text records to phone number 915-383-6911 from Milberg from January 1, 2021, to present.

**Response:**

**Request for Production No. 10:** Produce a copy of Milberg's telephone solicitation registration under Texas Business and Commerce Code 302.101.

**Response:**

**Request for Production No. 11:** Produce a copy of Consumer Legal Request's telephone solicitation registration under Texas Business and Commerce Code 302.101.

**Response:**

Case 3:23-cv-00175-KC Document 45 Filed 02/07/24 Page 17 of 20



# CAMP LEJEUNE: Please sign and date this document in order to begin the proce

**Clio Grow** <notifications@grow.clio.com>
to me, Mario

Hi Paola,

Below is the replacement link to your documents. You can sign it online from your computer or smartphone. Please sign it and submit it a

If you have any questions please contact us

[Click here to e-sign the document.](#)

Thanks,
Anthony
Consumer Legal Request

Reply | Reply all | Forward

**Labels**
- Inbox
- Starred
- Snoozed
- Sent
- Drafts (6)
- More

- Caseful Law
- Keller Postman
- Lipstick Scandal
- Maldonado v CHW
- **Milberg**
- Premier Health Solutions
- Service Payments
- TrueCoverage

**Milberg.**
COLEMAN BRYSON PHILLIPS GROSSMAN

PLAINTIFF'S
EXHIBIT
**B**
_____

## ATTORNEY REPRESENTATION AGREEMENT

This agreement is made between Milberg Coleman Bryson Phillips Grossman, LLC, referred to in this agreement as "Attorney" and _____, referred to in this agreement as "Client" to set out the terms and conditions under which attorney will represent client.

1. **ATTORNEY FEE:** We charge on a contingency fee retainer meaning that there is no financial risk to you for signing with us. **We do not charge an attorney fee unless we recover monies for you**. If your case settles prior to filing or tolling, the legal fee is 40% of the gross settlement award. If the case settles after filing or tolling, the firm has the discretion to charge 45% of the gross settlement award. The "GROSS settlement" means all money or other things of value including any attorney's fees awarded by the court. Any Court ordered fees or expenses are charged and deducted from your recovery.

2. **CO-COUNSEL:** You agree we can work with other law firms affiliated on your case. This association of other attorneys or legal professionals shall not increase the amount of attorney fees paid by you. An agreement has been made to share the contingency fees for the firm(s) representation of you as follows: Milberg Coleman Bryson Phillips Grossman, LLC (48%), and Douglas Sanders & Associates (52%).

3. **ATTORNEY COSTS AND EXPENSES:** We shall advance the court costs and other expenses for this claim, including case specific expenses and a pro rata share of general case expenses. You agree to reimburse us for case specific and general case expenses out of your share of the gross amount recovered. Case specific expenses are those incurred for the sole benefit of your individual claim, including third party case development and administration services. General case expenses are those incurred in the prosecution of your cause of action and others similarly situated. You agree to pay a pro rata share of such general case expenses in exchange for the benefit of sharing these expenses with others similarly situated. These expenses will be disclosed at the time of settlement. **If we do not recover an award, you will not owe costs or expenses**.

4. **THIRD-PARTY EXPENSES:** Expenses will be advanced by us through a third-party.

   Please initial consent here _____. You agree to reimburse the full sum of all related market rate interest charges for case specific expense costs as well as a pro rata share of related interest charges for general case expenses out of your percentage of the gross amount recovered. You grant us a lien on any proceeds or judgments recovered for your claim as security for the payment of the attorneys' fees and expenses to be incurred. If there are no proceeds recovered on your claim, then you will not owe any money to our firm for expenses or for our time.

5. **DECEASED CLAIMS:** If you bring a claim relating to or arising from a deceased person's damages or injuries, you agree to proceed both individually and as representative of the estate of the deceased person to the extent, you are legally able to do so. This agreement is intended to bind your heirs, death beneficiaries, and your estate representatives if you die.

PLAINTIFF'S EXHIBIT B

6. **SCOPE OF SERVICES:** This Agreement only covers personal injury claims arising from exposure to toxic materials at Camp Lejeune and not medical malpractice.

7. **POWER OF ATTORNEY:** We have power of attorney for obtaining medical records, determining litigation strategy, and endorsing checks on recoveries. You authorize us to execute documents necessary to conclude this representation. We can act as your negotiator in all negotiations concerning the subject of this agreement. As part of this power of attorney, you authorize us to require that any settlement checks be made payable jointly to you and us and we may reimburse ourselves for expenses and fees prior to disbursing money to you. However, we cannot unreasonably withhold money from you for any recovery.

8. **MEDICAL AND SUBROGATION PAYMENTS:** You understand and acknowledge that prior to the disbursement of any settlement proceeds, we may be required to investigate and satisfy any third-party interest healthcare liens such as Medicare, Medicaid, and other medical provider liens.

9. **TERMINATION AND WITHDRAWAL:** We can withdraw as your counsel without cause. We can withdraw or close your claim if we determine your claim is/are without merit and/or economically unviable.

10. **STATUTE OF LIMITATIONS:** When we accept your matter, it does not mean that your case is not time-barred based on statute of limitations grounds. There are legal time limits to prosecute your claim, generally Statutes of Limitation or Repose, and if the Claim is not timely prosecuted then the legal right to pursue the claim may be lost forever. We require reasonable time to thoroughly investigate your legal claims to uphold our ethical responsibility, and we will not act on your behalf without adequate time for investigation. You assume the risk and agree that we shall not be required to pursue your claims, to file a lawsuit, or to take any action to comply with any Statute of Limitations or Repose, if such limitations period expires within 120 days of the date this signed Agreement is received by us.

11. **STRUCTURED SETTLEMENT:** We retain discretion to try and obtain an aggregate settlement for all claimants with the same matter type, with recoveries allocated by a third-party administrator to ensure fairness.

12. **SOCIAL MEDIA:** You agree to not post anything regarding your case, including anything about your injuries, on any type of social media, website, or public forum.

13. **COOPERATION:** You agree to ensure we have proper contact information for yourself and an emergency contact. If you fail to provide same, and we are unable to contact you in any six-month period, we have the right to take any actions necessary to be relieved as your counsel, including rejecting your case or moving to withdraw from any filed actions.

14. **NO GUARANTEE:** You hereby acknowledge that we made no guarantees regarding the

Affiliates/Locations | California | Chicago | Georgia | Kentucky | Mississippi | New Jersey | New York | North Carolina | Puerto Rico | South Carolina | Tennessee | Washington | Washington D.C. | Germany | Netherlands | Portugal | United Kingdom
www.milberg.com



PLAINTIFF'S EXHIBIT

B

successful outcome of this matter and all expressions about the outcome are only opinions. This is the entire agreement. You represent that no one has promised you anything to induce you to retain us. You understand and acknowledge that the decision to hire us was made willfully and independently without outside influence and no person has solicited you on our behalf.

15.     **JURISDICTION:** You agree that this Attorney Representation Agreement shall be governed by North Carolina law and that the appropriate forum for resolving any disputes shall be before the General Court of Justice in Wake County, North Carolina.

*Client represents that client has carefully read and fully understood every word in this agreement and agrees to its terms and conditions, and to faithfully comply with them.*

**Milberg Coleman Bryson Phillips Grossman, LLC**

_____  _____
Your Signature                                    Firm Signature

_____  _____
Your Name - Printed                             Date

_____
Date

_____
Injured Party Name - Printed

**2503**