**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| PAOLA DOMINGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC,<br><br>Defendant. | Case No. 3:23-cv-00175-KC |

**DEFENDANT'S OPPOSED MOTION TO COMPEL PLAINTIFF TO RESPOND TO INTERROGATORIES AND DOCUMENT REQUESTS, AND FOR SANCTIONS**

Defendant Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") respectfully moves this Court for an order directing Plaintiff Paola Dominguez to respond fully, completely, and without objections to Milberg's first sets of interrogatories and document requests. The discovery deadline in this case is March 21, 2024. *See* Sched. Order (ECF No. 23) at 1. In addition, consistent with both Fed. R. Civ. P. 37(a)(5) and this Court's November 7, 2023 Order admonishing Plaintiff that "[f]urther unexplained failures to comply with deadlines may result in sanctions, including dismissal of the case" (ECF No. 35 at 2), Milberg requests that the Court order Plaintiff to pay Milberg's reasonable attorneys' fees associated with this Motion and dismiss this case with prejudice.[1]

[1] As required by Local Rule CV-7(g), Milberg attempted to meet-and-confer with Plaintiff in an attempt to resolve this matter. Specifically, on the morning of March 11, 2024, several hours before this Motion was filed, undersigned counsel called Plaintiff and left a voice message; Milberg's counsel immediately followed up with an email requesting a call back by early afternoon Mountain Standard Time (given the time press to meet the discovery deadline in this case). Plaintiff responded via email: "I received your call, I'm extremely busy today. Please email if possible." Accordingly, Milberg's counsel requested via email Plaintiff's position on

## I. RELEVANT BACKGROUND

Plaintiff filed her Complaint (ECF No. 1) on April 28, 2023, asserting that Milberg's violated the federal Telephone Consumer Protection Act's National Do Not Call Registry provision and implementing regulation, as well as the Texas Telemarketer Registration Act. Milberg moved to dismiss those claims on July 21, 2023. *See* Mot. to Dismiss (ECF No. 7). Plaintiff's response to that motion was due on August 4, 2023. *See* Order (ECF No. 8) at 1. That deadline came and went without Plaintiff taking any action. *Id*. On August 8, 2023, the Court *sua sponte* granted Plaintiff a reprieve and gave her 21 more days (until August 29, 2023) to respond to Milberg's Motion to Dismiss. *See id*.

Subsequently, Plaintiff requested even more time to respond to Milberg's initial motion to dismiss, and the parties stipulated and jointly moved to extend the briefing schedule. *See* Jt. Stip. and Mot. to Establish Briefing Schedule (ECF No. 10). The Court granted that stipulation and joint motion, extending Plaintiff's response deadline to September 8, 2023. See Order (ECF No. 11). Yet, rather than respond to Milberg's motion to dismiss consistent with her own agreement to do so, Plaintiff filed a "Notice of Plaintiff's First Amended Complaint" (ECF No. 15) on September 5, 2023, which the Court construed as a motion for leave. Two days later, the Court denied that request for leave but gave Plaintiff until September 27, 2023 to seek leave to amend her complaint in a compliant manner. Order (ECF No. 18) at 1-2.

Plaintiff missed the September 27, 2023 deadline to seek leave to file an amended complaint, ostensibly because she never received a copy of the Court's September 7, 2023 Order. Order (ECF No. 25). The Court, again, *sua sponte* extended Plaintiff's deadline to seek leave to amend, this time until October 11, 2023. *See id*. Yet, Plaintiff did not meet that deadline either.

---

this Motion. Plaintiff, however, did not respond before this Motion was filed. Accordingly, Milberg treats this Motion as if it would be opposed.

In turn, the Court entered an Order to Show Cause, requiring Plaintiff to show cause for her failure to comply with the deadline to refile her motion for leave to file an amended complaint, and also ordering Plaintiff to refile her motion for leave by October 27, 2023. ECF No. 28 at 2. Plaintiff responded to the Order to Show Cause on October 24, 2023, explaining that, although she understood that "[i]t is [her] obligation to monitor her correspondence," she was unaware of the Court's last two months' worth of Orders because she "relocate[ed] from her address on record, undertaken for reasons of personal safety." Pl.'s Resp. to Court's Order to Show Cause (ECF No. 31).

On October 27, 2023, Plaintiff filed a motion for leave to amend her complaint. *See* Pl.'s Opposed Mot. for Leave to File Pl.'s First Am. Compl. Out of Time (ECF No. 32). She acknowledged that she was "fully aware of the established response deadline [to Milberg's original motion to dismiss], set for no later than September 27, 2023," but asserted that she could not meet that deadline because she had moved "from the registered address" at some unspecified time due to some unspecified "reasons of personal safety." Pl.'s Mot. for Leave to Amend at 1. The Court granted that motion on November 7, 2023, Order (ECF No. 35), and the First Amended Complaint ("FAC") (ECF No. 36) was filed that same day. In its November 7, 2023 Order, however, the Court was explicit that Plaintiff must start meeting litigation deadlines and that no further failures to do so would be tolerated: "***Further unexplained failures to comply with deadlines may result in sanctions, including dismissal of the case.***" *Id*. at 2 (emphasis added).

Two weeks later on November 21, 2023—and consistent with the November 7, 2023 Order, *see* ECF No. 35 at 3—Milberg filed its Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss the FAC") *See* ECF No. 40. Plaintiff's response to that Motion

was due on December 5, 2023. Local Rule CV-7(d)(2). She did not meet that deadline. Milberg noticed up supplemental authority supporting its Motion to Dismiss the FAC in late January 2024. *See* Def.'s Mot. Of Supp. Auth. In Supp. of Its Pending Mot. to Dismiss (ECF No. 44). Despite the Court's early November 2023 warning that Plaintiff must meet all deadlines in this case or risk sanctions, including dismissal, in the nearly four months since Milberg moved to dismiss the FAC, Plaintiff has not opposed Milberg's Motion to Dismiss FAC.

Hoping to avoid incurring additional attorneys' fees and costs while its unopposed Motion to Dismiss the FAC has been pending, Milberg waited until February 7, 2024 to serve its first sets of interrogatories and document requests on Plaintiff.[2] Her responses to those discovery requests were due on March 8, 2024. Despite Plaintiff confirming her awareness of the deadline during a telephone conversation with undersigned counsel on March 8, 2024, Blynn Mot. to Compel Decl. ¶ 3, Plaintiff did not serve responses. Nor has she served responses since even though Milberg's attorney sent Plaintiff an email on March 9, 2024 requesting them. *Id.* ¶ 4. Discovery closes in ten days (March 21, 2024). *See* Sched. Order at 1.

## II. LEGAL ARGUMENT

Rules 33 and 34 of the Federal Rules of Civil Procedure require parties to provide written responses and objections to interrogatories and document requests within thirty days after being served with such discovery. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). As this Court explained in *Morris v. Sorenson*, another case involving a *pro se* plaintiff, "[t]here is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a discovery request, it is appropriate for the court to find that the

2 Copies of Milberg's first sets of interrogatories and document requests directed to Plaintiff are collectively attached as Exhibit "A" to the March 11, 2024 Declaration of Daniel S. Blynn ("Blynn Mot. to Compel Decl.") filed herewith.

party's objections are waived, unless the court finds good cause and excuses that failure." 2017 WL 10841356, at *2 (W.D. Tex. Dec. 14, 2017) (Cardone, J.) (citing *In re United States*, 864 F.2d 1153, 1156 (1989)). Rule 37(a)(5) mandates that, if a motion to compel is granted or if the requested discovery responses are served after the motion to compel is filed, "the court ***must*** . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5) (emphasis added).

This Court, and other courts within this District and the Fifth Circuit more generally do not hesitate to compel *pro se* plaintiffs to respond to defendants' discovery requests. *See, e.g.*, *Lewis v. Williamson Cty., Tex*., 2023 WL 6303039, at *1 (W.D. Tex. Sept. 27, 2023) (Albright, J.) (noting that the court had ordered plaintiff to respond to defendant's discovery requests and that sanctions may be imposed for plaintiff's failure to do so); *Morris*, 2017 WL 10841356, at *1; *Bolden v. United States Postal Serv*., 2017 WL 1354142, at *2-3 (S.D. Tex. Apr. 13, 2017) (noting that the court previously granted defendant's motion to compel and dismissing case as sanction for plaintiff's "persistent failure to actively participate in this lawsuit"); *McAfee v. Schneider Nat'l Carriers, Inc*., 2015 WL 9319178, at *1-6 (N.D. Tex. Dec. 23, 2015) (where plaintiff failed to provide discovery responses, court compelled him to do so and awarded defendant its attorneys' fees incurred in conjunction with motion to compel); *Williams v. Best Temp. Servs., LLC*, 2015 WL 12763508, at *1-2 (N.D. Tex. June 17, 2015) (granting in part defendant's motion to compel and allowing defendant to file a motion establishing the amount of attorneys' fees and costs that the court should award it); *Myart v. Glosson*, 2015 WL 3540429, at *2 (W.D. Tex. May 11, 2015) (Mathy, J.) (noting that court previously had compelled plaintiff to respond to defendant's discovery requests); *Sigur v. Emerson Process Mgmt*., 2006 WL

8434143, at *1-2 (M.D. La. June 28, 2006) (compelling plaintiff to respond to defendant's discovery requests and awarding defendant its attorneys' fees and costs associated with motion to compel).

Plaintiff's discovery responses and document production were due on March 8, 2024. There can be no dispute that Plaintiff was well aware of that deadline. Blynn Mot. to Compel Decl. ¶¶ 3-4. Yet, she did not respond. "'[E]nough is enough. Disobeying a district court's [deadlines] is conduct that must be stopped.'" *Boshears v. Polaris Eng'g, Inc*., 2023 WL 2572204, at *2 (S.D. Tex. Mar. 20, 2023) (awarding defendant more than $5,000 in attorneys' fees and costs for plaintiff's repeated failure to meet deadlines); *Hendrix v. Sw. Bell Tel. L.P.*, 2015 WL 1385386, at *506 (E.D. Tex. Mar. 24, 2015) (dismissing complaint and awarding defendant its attorneys' fees and costs as sanctions; and explaining, "[f]inally, the Court notes the prejudice caused to Defendant as a result of Plaintiff's failure to comply with its orders. Without the ability to take Plaintiff's deposition and conduct other discovery, Defendant faces substantial prejudice in defending itself in this litigation. Moreover, Defendant has unnecessarily incurred time and fees in seeking to obtain discovery from Plaintiff as to her claims. The costs associated with Defendant's good faith discovery efforts were not incidental. Enough is enough.").

Plaintiff should be compelled to respond to Milberg's discovery responses.

## III. <u>CONCLUSION</u>

The Court should compel Plaintiff to serve Milberg with her written responses to its first sets of interrogatories and document requests, and without asserting any objections (as they have been waived). Plaintiff also should be required to pay Milberg the reasonable attorneys' fees and

costs associated with its Motion.[3] Finally, the Court should dismiss Plaintiff's FAC with prejudice.

Dated: March 11, 2024

Respectfully submitted,

*/s/ Daniel S. Blynn*
Daniel S. Blynn (admitted *pro hac vice*)
STEPTOE LLP
13330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
dblynn@steptoe.com

Randi Kassan (NY-4375754)
MILBERG, COLEMAN, BRYSON, PHILLIPS & GROSSMAN, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Telephone: (516) 741-5600
Facsimile: (516) 741-0128
rkassan@milberg.com

*Attorneys for Defendant*

[3] Should the Court award this requested relief, Milberg suggests that the Court follow the procedure set forth in *Sigur*, 2006 WL 8434143, at *2, and order the parties to meet-and-confer as to the amount of and payment terms for Milberg's attorneys' fees and costs. If the parties are unable to agree on such amount and payment terms, Milberg shall submit a report setting forth the amount of fees and costs that it incurred in seeking the requested relief. Plaintiff, in turn, would have an opportunity to respond.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2024, I have electronically filed a copy of the foregoing document and the accompanying Declaration of Daniel S. Blynn with the Clerk of the Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. A copy also has been served via electronic mail pursuant to the parties' agreement on:

Paola Dominguez
2316 Bill Howard Pl.
El Paso, TX 79936
Pdomin14@gmail.com

*/s/ Daniel S. Blynn*_____________