IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PAOLA DOMINGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-175-KC |
| | § | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, | § § | |
| | § | |
| Defendant. | § | |

### ORDER

On this day, the Court sua sponte considered the above-captioned case. Throughout this litigation, Plaintiff has repeatedly failed to comply with the deadlines imposed by the Court and the Federal Rules of Civil Procedure. *See* Aug. 8, 2023, Order 1, ECF No. 8; Sept. 7, 2023, Order 2, ECF No. 18; Show Cause Order 2, ECF No. 28; Nov. 7, 2023, Order 2, ECF No. 35.

Rule 41(b) of the Federal Rules of Civil Procedure—and the cases interpreting that Rule—allow a court to dismiss a case on its own motion when a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). And the Court previously warned Plaintiff on multiple occasions that her failure to comply with the Court's Orders "may result in sanctions, including dismissal of the case." Show Cause Order 2; *see* Nov. 7, 2023, Order 2.

Despite the Court's warnings, Plaintiff has, without explanation, failed to comply with at least three deadlines since the Court issued its Show Cause Order. First, in the several months that have elapsed since Defendant filed its Motion to Dismiss, ECF No. 40, Plaintiff has filed no response. Second, Plaintiff failed to timely respond to Defendant's first sets of discovery requests, even though she confirmed with Defendant's counsel that she was aware of her

obligation to do so.  *See* Blynn Decl. at ¶¶ 2–5, ECF No. 46-1.  The day after the responses were due, Defendant's counsel sent Plaintiff an email to remind her of the overdue responses.  *Id.* ¶ 4.  But two days later, when Defendant filed a Motion to Compel, ECF No. 46, Plaintiff still had yet to serve the discovery responses.  *Id.* ¶ 5.  Finally, the deadline for Plaintiff to respond to the Motion to Compel has elapsed, and Plaintiff has neither filed a response nor sought an extension.  *See* W.D. Tex. Local Rule CV-7(d)(2).

Plaintiff's repeated failures to comply with deadlines despite the Court's multiple warnings may well justify dismissal of her case with prejudice.  *Lucas v. Cain*, 573 F. App'x 369, 370 (5th Cir. 2014) (quoting *McNeal v. Papasan*, 842 F.2d 787, 789–90 (5th Cir. 1988)).  However, the Court finds that the lesser sanction of dismissal without prejudice is appropriate here.  *See Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) ("Lesser sanctions such as . . . dismissal without prejudice are usually appropriate before dismissing with prejudice." (quoting *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996))); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2369 & nn.23, 80–83 (4th ed. 2023).

Accordingly, as a sanction for Plaintiff's repeated failures to comply with the Court's Orders and with the Federal Rules of Civil Procedure, it is **ORDERED** that all of Plaintiff's claims in this case are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, ECF No. 40, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel, ECF No. 46, is **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 20th day of March, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE